UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-20019-CIV-MORENO

LYNN A. BAUGHAN,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD., CRUISE SHIP EXCURSIONS, INC., and XYZ CORPORATIONS,

    Defendants.
_____/

## ORDER GRANTING MOTION TO STRIKE JURY DEMAND

THIS CAUSE came before the Court upon the Defendant Cruise Ship Excursions, Inc.'s Motion to Strike Plaintiff's Demand for Jury Trial (**D.E. No. 17**), filed on **February 19, 2013**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED.

### I. Background

This is an action for personal injuries arising out of a vehicle accident that allegedly occurred during a cruise shore excursion in St. Thomas, U.S. Virgin Islands. Plaintiff, Lynn Baughn, is a resident of Canada, and she brought suit against Royal Caribbean Cruises, Ltd., Cruise Ship Excursions, and XYZ Corporations. In her complaint, based on the Court's admiralty jurisdiction, Plaintiff is requesting a jury trial. Defendant Cruise Ship Excursions, Inc. has moved to strike the jury demand claiming that the Court's admiralty jurisdiction precludes a jury trial.

Plaintiff filed suit in the Southern District of Florida pursuant to Royal Caribbean's Ticket Contract, which calls for exclusive jurisdiction in the Southern District of Florida. The forum selection clause reads as follows:

> Except as provided in section 10(b) with regard to claims subject to binding arbitration, it is agreed by and between passenger and carrier that all disputes and matters whatsoever arising under, in connection with or incident to this agreement, passenger's cruise, cruisetour, RCT Land Tour or Transport, shall be litigated, if at all, in and before the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida U.S.A. (or as to those lawsuits to which the federal courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A.) to the exclusion of the Courts of any other State, Territory, or Country, Passenger hereby consents to jurisdiction and waives any venue or other objection that he may have to any such action or proceeding being brought in the applicable court located in Miami-Dade County, Florida.

At issue in the motion to strike is whether Plaintiff is entitled to a jury trial in this admiralty proceeding given the language of the ticket contract.

## II. Legal Analysis

The Seventh Amendment right to a jury trial is fundamental and can only be relinquished knowingly and intentionally. A presumption exists against waiving the right to a jury trial. *Ginsberg v. Silversea Cruises, Ltd.*, No. 03-62141-CIV-MARTINEZ, 2004 WL 3656827, *1 (March 18, 2004). That being said, Federal Rule of Civil Procedure 38(e) removes the right of trial by jury in admiralty cases.

Section 1333 provides the federal courts with original jurisdiction over any civil admiralty claim, "saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. The "saving to suitors" clause allows a plaintiff to bring suit as an *in personam* claim

in state court or as a diversity claim in federal court, rather than suing "in admiralty" in federal court. *Neenan v. Carnival Corp.*, No. 99-2658-CIV-LENARD, 2001 WL 91542, *1 (S.D. Fla. Jan. 29, 2001). "The 'saving to suitors' clause guarantees a plaintiff's right to a jury trial in federal court when bringing suit under diversity jurisdiction, a right which is denied if brought in admiralty." *Id.* (citing 28 U.S.C. § 1333).

Plaintiff claims her right to jury trial in this admiralty case stems from the savings to suitors clause because the ticket contract required her to file suit in this Court, where the only basis for jurisdiction is admiralty. It is undisputed that there is no diversity jurisdiction in this case. Defendant Cruise Ship Excursions, however, argues that Plaintiff could have brought suit against it in the Virgin Islands under the federal court's diversity jurisdiction or in Florida State Court as a tort. A review of the ticket contract resolves this issue in favor of Cruise Ship Excursions, Inc.

The forum selection clause explicitly applies to the "passenger's cruise, cruisetour, RCT Land Tour or Transport." The ticket contract defines these provisions and the definitions do not extend to Cruise Ship Excursions, Inc. "Cruisetour" is defined as "the combined vacation package officially published and offered by Carrier, which includes the applicable cruise and associated RCT Land Tour." "Transport" is defined as the "railcars, buses, and other modes of transportation or accommodation provided by RCT in connection with a RCT Land Tour." "RCT Land Tour" means "the land tour component of a Cruise Tour to be provided either prior to the initial embarkation on the cruise or after the final debarkation from the cruise."

After reviewing these definitions, the Court does not agree with Plaintiff that the forum selection clause of the ticket contract applies to Defendant Cruise Ship Excursions, Inc., a Virgin Islands corporation that provided transportation to Plaintiff at a port of call. The Court does not read

the ticket contract as requiring passengers to file suit against independent shore excursion operators in this district.

Plaintiff also relies on section 2(b) of the ticket contract, which makes Defendant Cruise Ship Excursions, Inc., a third-party beneficiary of the contract. Under Florida law, a third party is an intended beneficiary if the intent to benefit the third party is *specific* and *clearly expressed* in the contract to endow the third-party beneficiary with a legally enforceable right. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 981-82 (11th Cir. 2005). The Court does not find the ticket contract was entered between Royal Caribbean and Plaintiff for the "direct and substantial purpose of conferring a benefit" on Cruise Ship Excursions, Inc. *Id.* Even if it was, the Defendant Cruise Ship Excursions, Inc., is not attempting to enforce a right under the contract. The Court, therefore, finds the Plaintiff's third-party beneficiary argument unavailing.

Having found the Plaintiff elected to file suit under the Court's admiralty jurisdiction against Cruise Ship Excursions, Inc., the Court finds that Federal Rule of Civil Procedure 38(e) precludes a jury trial. The Court reserves the right to review whether use of an advisory jury is appropriate at the time of trial.

DONE AND ORDERED in Chambers at Miami, Florida, this 18 day of April, 2013.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record